IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| ELAINE HECHT, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-3786 |
| | * | |
| ERIC D. HARGAN, | | |
| Acting Secretary, U.S. Department | * | |
| of Health and Human Services | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Elaine Hecht is employed by the U.S. Department of Health and Human Services ("HHS") at its HIV/AIDS Bureau in Rockville, Maryland. Plaintiff alleges that HHS has violated her due process rights under the Fifth Amendment. The Government has filed a Motion to Dismiss for lack of jurisdiction, ECF No. 4. No hearing is necessary. *See* Loc. Rule 105.6. Because Plaintiff has failed to exhaust her administrative remedies, the Court holds that it has no jurisdiction to consider these claims and GRANTS Defendant's Motion to Dismiss.

## I. STANDARD OF REVIEW

It is the plaintiff's burden to prove that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In a facial challenge to subject-matter jurisdiction, a court must determine if the complaint fails to allege facts upon which subject-matter jurisdiction can be based. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In such challenges, the facts alleged in the complaint are taken as true. *Id*.

## II. DISCUSSION

Plaintiff has thirty-five years of federal service and is currently employed as a GS-12 Information Management Specialist at HHS. ECF No. 1 ¶¶ 6, 30.[1] She alleges a litany of transgressions by various supervisors and managers at HHS beginning prior to 2005, when she was employed as a Grade-8 secretary. *Id*. ¶ 6. Specifically, she contends that HHS violated her due process rights by:

> refusing to recognize her as a GS-12 Information Management Specialist; upgrading Plaintiff Hecht's position to a Grade-13 and refusing to select her for the upgraded position; summarily removing Plaintiff's duties and requiring Plaintiff Hecht to train the person selected for the Grade-13 position; falsely claiming that Plaintiff had limited proficiency and needed daily coaching; and ordering Plaintiff Hecht to perform duties outside of her position description and clerical duties and service as a back up to a grade 8 clerical staff person.

*Id*. ¶ 30. Defendant contends that prior to bringing this action in federal court, Plaintiff must have first exhausted her remedies available under the Civil Service Reform Act ("CRSA"), 5 U.S.C. § 1214.[2] The Court agrees.

The CSRA "plainly precludes extrastatutory judicial review of constitutional claims that are asserted before an employee has exhausted his remedies available under the statute." *Fleming v. Spencer*, 718 F. App'x 185, 188 (4th Cir. 2018). Because the CSRA "established a comprehensive system for reviewing personnel action taken against federal employees," it "provides the exclusive avenue to judicial review when a qualifying employee challenges an adverse employment action" by arguing that the action is unconstitutional. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). An adverse action includes a removal from federal service, a

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

[2] Defendant also contends that the CSRA provides the exclusive remedy for employees raising constitutional claims, even where the CSRA does not provide an administrative remedy for those claims. *See* ECF No. 4-1 at 5 (Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.). The Court need not decide this issue.

suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough of 30 days or less. 5 U.S.C. § 7512. An adverse action also includes a "constructive demotion." *See, e.g., Spicer v. Dep't of Defense*, 59 M.S.P.R. 359, 368 (M.S.P.B. 1993). The act gives an employee the right to challenge an adverse action in a hearing before the Merit Systems Protection Board ("MSPB"). *Elgin*, 567 U.S. at 5. Employees who are "dissatisfied with the MSPB's decision [are] entitled to judicial review in the United States Court of Appeals for the Federal Circuit." *Id*.

For allegations of prohibited personnel practices that are not considered "adverse actions" under the CSRA, the statute requires complaints be first brought to the MSPB's Office of Special Counsel ("OSC"). *See* 5 U.S.C. § 1214(a)(3); *Fleming*, 718 F. App'x at 188. These prohibited practices include the taking of any personnel action that violates "merit system principles," including any violation of an employee's constitutional rights and any "arbitrary action." 5 U.S.C. § 2301(b)(2).

Whether Plaintiff's action is considered a non-adverse action that must have been first brought to OSC or an adverse action that could have initially been brought before the MSPB, she was required to utilize one or both of these procedures to exhaust her administrative remedies under the CSRA. *Fleming*, 718 F. App'x at 188. Plaintiff offers only the conclusory allegation that she has "exhausted all administrative remedies prior to filing suit." ECF No. 1 ¶ 2. But whether a plaintiff has exhausted administrative remedies is a question of law. *See Kilpatrick v. Hollifield*, 592 F. App'x 199, 200 (4th Cir. 2015). Plaintiff offers no factual support for this legal conclusion, as she never alleges that she brought her claim either to OSC or to MSPB. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[W]e are not bound to accept as true a legal

conclusion couched as a factual allegation.") Because she has not plausibly alleged that she has exhausted her administrative remedies, this Court has no jurisdiction to consider her claims.

## III. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 4, is granted without prejudice. A separate Order shall issue.

Date: February  8, 2019　　　　　　　　　　　　　　　　／s／　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　United States District Judge