**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ELAINE HECHT, | * |
|     Plaintiff, | * |
| v. | *     Case No.: GJH-17-3786 |
| ERIC D. HARGAN, | * |
| Acting Secretary, U.S. Department of Health and Human Services | * |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Elaine Hecht ("Plaintiff") moves for reconsideration of the Court's dismissal of her Complaint in this case on February 8, 2019. ECF No. 11. Hecht contends that the Court's Opinion made an error of law, or alternatively requests leave to amend her complaint. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will deny the Motion for Reconsideration and the request for leave to amend the Complaint.

**I.     BACKGROUND**

Plaintiff Elaine Hecht is employed by the U.S. Department of Health and Human Services ("HHS") at its HIV/AIDS Bureau in Rockville, Maryland and has more than thirty-five years of federal service. ECF No. 1 ¶ 6. Her Complaint alleges that HHS violated her rights under the Due Process Clause of the Fifth Amendment through a litany of transgressions by various supervisors and managers. *See id.* ¶¶ 30–31. The allegations center on claims that various senior employees deprived Plaintiff of responsibilities and duties commensurate with her

position, insisted that she be treated as a lower level employee, and obstructed her efforts to be promoted. *See id.*

In a Memorandum Opinion issued on February 8, 2019, ECF No. 9, the Court dismissed Plaintiff's Complaint without prejudice on the ground that she had not exhausted the administrative remedies available to her under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* ("CSRA"), before filing her Complaint. The Complaint offered only the bare allegation, without elaboration or factual support, that Plaintiff had exhausted her administrative remedies. ECF No. 9 at 3 (citing ECF No. 1 ¶ 2).[1] The Court accordingly dismissed the Complaint for lack of subject matter jurisdiction. *Id.* at 3–4.

On March 8, 2019, Plaintiff filed the pending Motion for Reconsideration of the Court's February 8, 2019 opinion under Federal Rule of Civil Procedure 59(e). ECF No. 11 at 1. Defendant, Secretary of Health and Human Services Alex M. Azar II,[2] filed an Opposition to the Motion on March 22, 2019. ECF No. 12. Plaintiff filed a Reply on April 19, 2019. ECF No. 14.

## II. STANDARD OF REVIEW

A motion to reconsider under Federal Rule of Civil Procedure 59(e) "may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "Clear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Secretary Alex M. Azar II for Acting Secretary Eric D. Hargan on the docket for this case.

2

not of reasoning but of apprehension." *Letren v. Arch Bay Holdings, LLC*, No. GJH-15-622, 2016 WL 8673871, at *2 (D. Md. Dec. 16, 2016) (quoting *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)). Rule 59(e) reconsideration "is an extraordinary remedy that should be applied sparingly." *Mayfield*, 674 F.3d at 378 (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Letren*, 2016 WL 8673871, at *2 (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "'[M]ere disagreement' with the court's ruling does not support a motion to alter or amend the judgment." *Id.* (alteration in original) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Federal Rule of Civil Procedure Rule 15(a) "provide[s] that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "[A] district court may not deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." *Id.* at 427. "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Id.*[3] "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed

---

[3] The only "difference between" a pre-judgment motion to amend and a post-judgment motion is that "the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed.R.Civ.P. 60(b)." *Laber*, 438 F.3d at 427.

3

amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

## III. DISCUSSION

Plaintiff argues that the Court made a clear error of law in its description of the statutory regime for administrative and judicial review of federal employment disputes. ECF No. 11 at 2. In her Reply, Plaintiff claims that the Court engaged in a "logical fallacy" by creating a "false dichotomy" in its description of this regime. ECF No. 14 at 6. The Court will review in some detail the components of the governing framework to demonstrate why Plaintiff is mistaken.

As the Court noted in its Memorandum Opinion, quoting the Supreme Court, the CSRA "established a comprehensive system for reviewing personnel action taken against federal employees." ECF No. 9 at 2 (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012)). "Congress intended that the CSRA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship." *Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000). "The CSRA provides different remedial schemes depending on the severity of the personnel action at issue." *Fleming v. Spencer*, 718 F. App'x 185, 186 (4th Cir. 2018). "For major personnel actions, such as termination, an employee is entitled to appeal the agency's decision directly to the Merit Systems Protection Board ('MSPB')." *Id.* (citing 5 U.S.C. § 7513(d)); *see* 5 U.S.C. § 7512 (listing the covered major personnel actions that are directly appealable). Actions subject to direct MSPB review are known as "adverse actions." *See Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1311 (Fed. Cir. 2012).

"Less serious employment decisions are not directly appealable to the MSPB." *Fleming*, 718 F. App'x at 186. They are instead under the purview of the U.S. Office of Special Counsel

("OSC"), which must "receive and investigate allegations of prohibited personnel practices" and take corrective action "where appropriate." 5 U.S.C. § 1212(a); *see id.* § 1214(a). "Prohibited personnel practices" include fourteen categories of actions enumerated at 5 U.S.C. § 2302(b). The list contains a catch-all provision stating that it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title." *Id.* § 2302(b)(12).

The "merit systems principles" include that "[a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy and constitutional rights." *Id.* § 2301(b)(2). Accordingly, violating the constitutional rights of a federal agency employee is a prohibited personnel practice within the jurisdiction of the OSC. *Fleming*, 718 F. App'x at 186 (citing *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1432 (D.C. Cir. 1996)). "When an employee raises a constitutional challenge, the OSC must investigate the allegation 'to determine whether there are reasonable grounds' to believe that a violation has occurred." *Id.* (citing 5 U.S.C. § 1214(a)(1)(A), (b)(2)(A)). "Congress clearly intended for the OSC to handle constitutional complaints" of this type. *Id.* at 188. And "[t]he Supreme Court has made clear that federal employees must comply with the CSRA's remedial procedures." *Id.* (citing *United States v. Fausto*, 484 U.S. 439, 455 (1988)); *see also Elgin*, 567 U.S. at 14.

In other words, "even where an employee alleges constitutional violations, [she] must follow the procedural mechanisms set forth by the Civil Service Reform Act" rather than immediately filing suit in federal court. *Fleming v. Mabus*, No. RDB-15-3358, 2016 WL

5

6277667, at *1 (D. Md. Oct. 27, 2016) (citing *Elgin*, 567 U.S. at 13); *see also Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006) ("There is no question but that the CSRA provides the exclusive remedy for an alleged constitutional violation . . . arising out of federal employment."). That the employee alleges a constitutional violation, as opposed to a statutory or other violation, does not change the exclusivity of the CSRA's remedies. It is irrelevant that the outcome of the CSRA's mandatory procedures may be that the employee ultimately has no avenue for review. *See Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 852 (E.D. Va. 2016) (holding that where a federal employee plaintiff had "no remedies under the CSRA, the absence of such remedies is properly understood as a conscious choice by Congress to afford *no* statutory remedies").[4]

Plaintiff's Motion misapprehends this statutory scheme and the case law that interprets it. Her claim that she "alleges constitutional violation [sic] for claims not within the jurisdiction of the MSPB and OSC" is simply a contradiction in terms. ECF No. 11 at 3. As just described, constitutional claims are within the OSC's jurisdiction. Plaintiff was therefore required to exhaust her administrative remedies with the OSC before pursuing review in court. Perhaps anticipating this conclusion, Plaintiff alternatively seeks leave to amend her Complaint to add allegations about an OSC complaint that she apparently filed in 2016 but has not previously raised with the Court. Plaintiff attaches to her Motion two exhibits: a complaint to the OSC dated July 11, 2016, ECF No. 11-1, and a September 14, 2016 response letter from OSC notifying Plaintiff that OSC had "made the preliminary determination to close [its] inquiry into [Plaintiff's] complaint." ECF No. 11-2 at 1.

---

[4] To the extent that there is a category of employment actions that are neither "adverse actions" that must be brought to the MSPB, nor more minor actions that implicate prohibited personnel practices and accordingly must be brought first to the OSC, such actions are not reviewable by either OSC or the courts. *See Carducci v. Regan*, 714 F.2d 171, 175 (D.C. Cir. 1983).

Plaintiff does not explain why she did not describe these documents and her filing with OSC in her original Complaint or seek leave before judgment to amend the Complaint after Defendant raised the exhaustion issue in his Motion to Dismiss. Plaintiff is entitled to seek to amend her Complaint in a post-judgment motion, *Laber*, 438 F.3d at 427, but the Court need not grant a motion for leave "if amending the complaint would be futile." *Katyle*, 637 F.3d at 471. On the basis of what Plaintiff has provided here, granting the motion for leave and allowing Plaintiff to amend the complaint would be futile because the materials do not show that she has exhausted her administrative remedies. They instead demonstrate that she has not.

The contents of the OSC response letter compel this conclusion. ECF No. 11-2. Among other discussion of Plaintiff's inquiry, the letter informs Plaintiff that "the bulk of your complaint essentially deals with the classification of your position," and explains that "it is OSC policy to await final action on classification appeals by the agencies and the Office of Personnel Management (OPM) under the classification appeals procedures already established by OPM, prior to taking action on complaints involving classification decisions." *Id.* The "appeals procedures" that the letter references are established by 5 U.S.C. § 5112. *See Perdeaux v. United States*, 33 F. Supp. 2d 187, 189 (E.D.N.Y. 1999). 5 U.S.C. § 5112(a) authorizes OPM to review the classification of a position and "change a position from one class or grade to another class or grade when the facts warrant." 5 U.S.C. § 5112(a)(4). The statute further permits an employee to request that OPM exercise its authority under § 5112(a) and direct an agency to reclassify a position. *Id.* § 5112(b); *see Hunt v. Merit Sys. Prot. Bd.*, 250 F. App'x 329, 332 (Fed. Cir. 2007).

OSC's letter to Plaintiff plainly directed her to bring her complaint to OPM, obtain a decision, and then bring that decision to OSC for further proceedings. Yet Plaintiff has presented no evidence that she did so. In her Reply, Plaintiff states that her complaint to OSC did not

7

concern the classification of her position but instead claimed that she was not recognized at her designation level. ECF No. 14 at 3–4. But that statement is an argument that Plaintiff could and should have made in response to OSC. OSC's letter explicitly invited Plaintiff to "provide comments in response to this letter" within thirteen days via postal mail, fax, or email directly to the responding attorney. *Id.* at 4. The letter made clear that "Ifwe [sic] do not receive any comments by the end of the thirteen-day period, we anticipate closing your file." *Id.* Plaintiff has provided no evidence that she submitted comments to OSC, or that she filed a request with OPM. Plaintiff therefore has only offered evidence that she initiated her administrative remedies, not exhausted them, before filing suit. "The courts have long recognized that, generally, a plaintiff must not only pursue but exhaust [her] available administrative remedies prior to seeking judicial review of [an] agency's actions." *Mann v. Haigh*, 891 F. Supp. 256, 263 (E.D.N.C. 1995) (citing *Aircraft & Diesel Equip. Corp. v. Hirsch*, 331 U.S. 752, 767 (1947)).

Because Plaintiff's newly provided supplemental materials fail to establish that she has exhausted her administrative remedies, the Court would still lack subject matter jurisdiction over an amended complaint incorporating those materials. *See Hall*, 235 F.3d at 206–07. An amendment is therefore futile, and accordingly the Court will deny Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 11, is denied. A separate Order shall issue.

Date: <u>January 13, 2020</u>     /s/_____
                                 GEORGE J. HAZEL
                                 United States District Judge